UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARGARETA MANGEAC,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD ARMSTRONG, in his individual and official capacities; DAVID TAYLOR in his individual and official capacities; RICHARD HUMISTON in his individual and official capacities; STEVE BELLOMY in his individual and official capacities; SUSAN ALTMAN in her individual and official capacities,<br><br>    Defendants. | Case No.  CV 08-239-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Defendants' Motion for Reconsideration (Docket No. 95). The Court heard oral argument on the motion on June 25, 2010 and now issues the following decision.

**PROCEDURAL BACKGROUND**

Plaintiff brought this 42 U.S.C. § 1983 action, alleging that Defendants violated her procedural due process rights under the Fourteenth Amendment when they added her

Memorandum Decision & Order - 1

name to the Adult Protection Registry ("Registry"), a state registry of vulnerable adult abusers, and maintained her name on the Registry despite her request to have it removed.[1]  The parties filed cross motions for summary judgment.  Ninth Circuit Judge Wallace Tashima, sitting by designation, conducted oral argument and issued an opinion on the motions.  Notably, Defendants' counsel failed to submit a brief in support of Defendants' motion for summary judgment.  He also failed to file an opposition to Plaintiff's motion for partial summary judgment.  Judge Tashima denied Defendants' motion, granted in part Plaintiff's motion, and ordered the parties to meet in good faith to reach agreement on a proposed form of declaratory judgment and permanent injunction.

After a meeting between counsel and the Court's staff, the Court agreed to stay the requirement that the parties submit a proposed form of declaratory judgment and permanent injunction until after the Court addressed Defendants' forthcoming motion to reconsider.  That motion is now before the Court.

## ANALYSIS

### 1.     Motion for Reconsideration Standard of Law

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress.  The former principal has led courts to hold that a denial of a motion to

---

[1] Plaintiff also raises state claims in her complaint which were not raised in her motion for partial summary judgment – that Defendants' creation, maintenance, and use of the AP Registry are in violation of the Idaho Administrative Procedures Act, that Defendants were negligent in adding Plaintiff's name to the AP Registry and maintaining it on the registry, and that Defendants are liable for negligent infliction of emotional distress.

**Memorandum Decision & Order - 2**

dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson,* 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation,* 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt,* 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

2.  **Defendants' Motion for Reconsideration**

Defendants contend that reconsideration is warranted to correct the factual record

**Memorandum Decision & Order - 3**

and prevent manifest injustice.  Defendants' motion relies most heavily on the Declaration of Susan Altman.  Altman is the Program Supervisor of the Criminal History Unit ("CHU"), Bureau of Audits and Investigation of the State of Idaho Department of Health and Welfare.  Altman's declaration appears to shed new light on the maintenance of the Registry at Idaho Department of Health and Welfare.  It also sheds new light on whether Mangeac's name was ever included on the Registry.  Based primarily on Altman's Declaration, Defendants contend that the Court should reconsider its finding that the Registry violated Mangeac's procedural due process rights and that Defendants be enjoined from automatically adding individuals to the Registry upon receipt of a report of substantiated adult abuse.

### A. Altman Declaration

Mangeac argues that the Court should not consider the Altman Declaration because there is conflict between what Altman says in her declaration and what she said at her deposition.  Defendants suggest that any such conflict is insignificant.

The general rule in the Ninth Circuit is that "a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (Internal citation omitted).  This is commonly known as the sham affidavit rule.  However, the Ninth Circuit has created two important limitations on a district court's ability to invoke the sham affidavit rule.  First, the rule does not automatically dispose of every case in which a contradictory affidavit is introduced to explain earlier deposition testimony.  *Id.*  Instead, the Court must make a

**Memorandum Decision & Order - 4**

factual determination that the contradiction was in fact a sham. *Id*. Second, the inconsistency between the deposition testimony and subsequent affidavit must be clear and unambiguous. *Id*. "Thus, the non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition [and] minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit." *Id*. at 999 (Internal quotation and citation omitted).

On the one hand, a comparison of Altman's deposition testimony and Altman's declaration reveals some apparent conflicts. On the other hand, Altman's declaration appears to be an elaboration upon, and clarification of, the policies of the CHU with respect to substantiated reports and the Registry. The problem for the Court is that after reviewing and comparing Altman's deposition and declaration, the Court is still somewhat unclear, not only about potential conflicts in the testimony, but about the policies of the CHU and how Mangeac's case proceeded through the system. This is significant because, as explained below, Altman's testimony appears to materially affect the Court's decision on whether Mangeac has standing to proceed with her claims for declaratory and injunctive relief. Therefore, as explained below, the Court intends to conduct an evidentiary hearing before making a final determination on whether to consider Altman's declaration.

    **B.**    **Standing**

Suits for declaratory or injunctive relief must present a live controversy justiciable

**Memorandum Decision & Order - 5**

under Article III of the Constitution.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007) (declaratory judgment); *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (injunctive relief).  An actual, justiciable controversy must exist not only at the moment the suit is initiated, but also at the time that the party's entitlement to the requested relief is decided.  *Golden v. Zwickler*, 394 U.S. 103, 108 (1969).  Past injury, without more, cannot form the basis for either injunctive or declaratory relief.  *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."); *Haase v. Sessions*, 835 F.2d 902, 911 (D.C.Cir. 1987) (equating case-or-controversy requirement for declaratory judgment with one applicable to request for injunctive relief).  Standing may even be addressed for the first time on appeal.  *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1085 (9th Cir. 2003).  In fact, federal courts are required *sua sponte* to examine jurisdictional issues such as standing.  *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).

      Defendants contend that given the testimony in Altman's declaration, Mangeac cannot establish standing for her § 1983 claim.  To establish Article III standing, a plaintiff must establish three elements: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *Lujan v.*

**Memorandum Decision & Order - 6**

*Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Critical to Defendants' motion to reconsider is Altman's testimony that Mangeac is not on the Registry. (Altman Decl., ¶¶ 40-43, Dkt. 100.)  Based on that testimony, Defendants argue that Mangeac cannot demonstrate injury in fact because she has not been, and will not be, negatively impacted by continued use of the Registry.  Defendants assert that, at most, Mangeac has alleged an abstract fear of conditional denial and injury to her reputation based on self-disclosure of the 2005 and 2007 substantiated reports of adult abuse.  Altman also testifies in her declaration that if Mangeac submitted to a background check, she would not receive a conditional or complete denial based on a disclosure of those incidents.  (Altman Decl., ¶¶ 42-50, Dkt. 100.)

Mangeac counters by suggesting that Defendants are responsible for assigning legal consequence to substantiated reports, which Mangeac is required to self-disclose in order to regain employment and/or move into her husband's care facility.  She argues that because the Department of Health and Welfare informed her that she had a substantiated report, she must self disclose that information, which at the very least will result in a conditional denial.  Notably, Mangeac argues that Altman only recently – in her declaration – indicated that she would not connect Mangeac's self-report to the Registry. Mangeac suggests that this is in conflict with Altman's deposition testimony.

As born out during oral argument, the record is still somewhat unclear on this matter, and the Court is having trouble comparing Altman's deposition testimony to her declaration.  Significantly, the Court is unable to fully comprehend the self-disclosure

**Memorandum Decision & Order - 7**

process, Defendants' role in the process, or its impact on Mangeac. It also appears that Mangeac is at a bit of a disadvantage because her counsel deposed Altman some time ago, only to be confronted with Altman's declaration on a motion for reconsideration. Unfortunately, this problem is exacerbated by the fact that Defendants' prior counsel failed to fully develop the record and address the motions for summary judgment. Still, the Court cannot simply exclude the declaration because it is important that the Court have an accurate record before making a standing determination. As explained above, federal courts are required *sua sponte* to examine jurisdictional issues such as standing. [Bernhardt, 279 F.3d at 868](Bernhardt, 279 F.3d at 868).

For that reason, the Court has determined that the best way forward is to conduct an evidentiary hearing in order to make sure the record is fully developed before making a standing determination. The Court expects to hear from Altman, as well as any other witnesses with relevant information regarding standing, particularly the self-disclosure issue.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the parties shall meet and confer to determine how much time they will need at an evidentiary hearing to present the Court with a complete record on the standing issue. Counsel shall then contact the Court's in-court Deputy Clerk, Jamie Gearhart, to schedule the evidentiary hearing as soon as practicable. Ms. Gearhart can be reached at (208) 334-9021.

**Memorandum Decision & Order - 8**



DATED: **July 6, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 9**