UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARGARETA MANGEAC,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD ARMSTRONG, in his individual and official capacities; DAVID TAYLOR in his individual and official capacities; RICHARD HUMISTON in his individual and official capacities; STEVE BELLOMY in his individual and official capacities; SUSAN ALTMAN in her individual and official capacities,<br><br>    Defendants. | Case No. CV 08-239-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Leave to Conduct Second Deposition of Defendant Susan Altman and for Ruling Regarding the Deposition's Scope (Docket No. 118).

## BACKGROUND

Earlier in this case, Mangeac served written discovery requests on Defendant Susan Altman, including a request for all policies and procedures by which names are added or removed from the Adult Protection ("AP") Registry. Altman responded to the

**Memorandum Decision & Order - 1**

request, and also provided additional information during the course of her deposition. The parties then continued the deposition to a second day after agreeing to exchange additional discovery.

The parties then filed cross motions for summary judgment. Circuit Judge Wallace Tashima, sitting by designation, conducted oral argument and issued an opinion on the motions. Judge Tashima denied Defendants' motion, granted in part Plaintiff's motion, and ordered the parties to meet in good faith to reach agreement on a proposed form of declaratory judgment and permanent injunction. After a meeting between counsel and the Court's staff, the Court agreed to stay the requirement that the parties submit a proposed form of declaratory judgment and permanent injunction until after the Court addressed Defendants' forthcoming motion to reconsider.

The parties then submitted their briefs on the motion to reconsider. Defendants also submitted Altman's Declaration with their briefs. However, even after oral argument, the Court had trouble comparing Altman's deposition testimony to her declaration. The Court was therefore unable to fully comprehend the self-disclosure process, Defendants' role in the process, or its impact on Mangeac. This is significant because it may affect Mangeac's standing to bring her claims. The Court determined that it must have a full and accurate record before making a standing determination.

Accordingly, the Court decided that the best way forward was to conduct an evidentiary hearing in order to fully develop the record before making a standing determination. To that end, the Court scheduled an evidentiary hearing and informed

counsel that it expects to hear from Altman, as well as any other witnesses with relevant information regarding standing, particularly the self-disclosure issue.

Mangeac then filed her pending motion for leave to conduct a second deposition of Altman. In a teleconference with the Court's staff, counsel for the parties agreed to an expedited briefing schedule on the motion, and to hold the morning of August 17, 2010 open as a potential deposition date. The motion is now before the Court.

## ANALYSIS

Absent a stipulation of the parties, a party must obtain leave of the Court to conduct a second deposition of a deponent. Fed. R. Civ. P. 30(a)(2)(A)(ii). "The court must grant leave to the extent consistent with Rule 26(b)(2)." Id. Thus, the Court considers whether the deposition would be cumulative or duplicative, or the information can better be obtained from some another source; whether the party seeking discovery has had ample opportunity to obtain the information pursuant to prior discovery in the action; and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Here, Mangeac contends that another deposition of Altman is appropriate at this point because the information contained in her June 2010 declaration should have been provided in response to the interrogatories and requests for production Mangeac initially served on Altman. Mangeac argues that this late-disclosed information will be the subject of Altman's testimony at the evidentiary hearing and it is therefore reasonable that Mangeac be allowed to engage in discovery regarding the information prior to the

**Memorandum Decision & Order - 3**

hearing. Mangeac also contends that she should be permitted to inquire into Altman's communications with prior counsel in order to refute Defendants' claim that their neglect in failing to further support their first summary judgment motion was excusable.

As explained in the Court's earlier decision and above, the Court is currently concerned with the standing issue. Federal courts are required sua sponte to examine jurisdictional issues such as standing. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). Moreover, as also explained in the Court's earlier opinion, the Court had a difficult time reconciling Altman's deposition testimony with her declaration. That is why the Court ordered the evidentiary hearing.

Given the somewhat confusing and potentially contradictory testimony in Altman's earlier deposition and declaration, the Court finds that Mangeac should be given an opportunity to ask Altman additional questions about the policies and procedures by which names are added or removed from the AP Registry before the evidentiary hearing. Also, the Court finds that the evidentiary hearing will be more productive if Mangeac is given an opportunity to ask Altman these additional questions before the hearing. Additionally, Altman appears to be the only or best source of the information sought. Finally, the Court finds that allowing the deposition will cause only minimal expense and burden on Defendants. Under these circumstances, the Court will allow the deposition. However, the deposition should not be considered a complete "do over" so the Court will limit the deposition to two hours.

With respect to whether Mangeac can question Altman about communications

**Memorandum Decision & Order - 4**

with prior counsel, the Court does not see how that relates to the standing issue or the testimony given in Altman's deposition or declaration about the policies and procedures for placing names on the AP Registry. Accordingly, the Court will not allow Mangeac's counsel to question Altman about those communications during the deposition. However, the Court may be open to reconsidering this issue, which may unfortunately result in another deposition, if the Court ultimately finds that Mangeac has standing to pursue her claims.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Conduct Second Deposition of Defendant Susan Altman and for Ruling Regarding the Deposition's Scope (Docket No. 118) shall be, and the same is hereby, GRANTED in part and DENIED in part as explained above. The deposition shall be conducted on the morning of August 17, 2010.

DATED: **August 10, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge